UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| HUDSON INSURANCE COMPANY,<br>　　　Plaintiff,<br><br>v.<br><br>COBALT ENGINEERING and INSPECTIONS LLC, ROBERT GILBERT, and BRENDA GILBERT,<br>　　　Defendants. | §<br>§<br>§<br>§　NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

# PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE COURT:

COMES NOW **HUDSON INSURANCE COMPANY,** complaining of **COBALT ENGINEERING and INSPECTIONS, LLC**, **ROBERT GILBERT**, and **BRENDA GILBERT**, and would show:

## PARTIES

1.　　Plaintiff **HUDSON INSURANCE COMPANY** (hereafter "**HUDSON**") is a corporation organized under the laws of the State of Delaware and which maintains its principal place of business in New York City, in the County of New York, in the State of New York.

2.　　Defendant **COBALT ENGINEERING and INSPECTIONS, LLC** (hereafter **"COBALT")** is a limited liability company organized under the laws of Texas and which maintains its principal place of business in LaMarque, Galveston County, Texas.  Defendant **COBALT** may be served with summons as follows:

　　c/o Capitol Corporate Services, Inc., Registered Agent
　　1501 S Mopac Expy., Suite 220
　　Austin, Travis County, Texas 78746

Or alternatively:

c/o Mr. Curtis Hampton, Manager
12005 Delany Road
LaMarque, Galveston County, Texas  77568

3. Defendant **ROBERT GILBERT** is an individual who resides at 3602 WHIDBEY CT., SPRING, Harris County, Texas 77388, and may be served with summons at that address.

4. Defendant **BRENDA GILBERT** is an individual who resides at 3602 WHIDBEY CT., SPRING, Harris County, Texas 77388, and may be served with summons at that address.

## JURISDICTION

5. **HUDSON** is a citizen of the State of Delaware and of the State of New York.

6. **HUDSON** asserts that the Member of Defendant **COBALT ENGINEERING and INSPECTIONS, LLC** is Curtis Hampton, an individual who is a citizen of the State of Texas. Hudson therefore asserts that Defendant **COBALT** is a citizen of the State of Texas and of no other State.

7. **HUDSON** asserts that Defendant **ROBERT GILBERT** is an individual who is a citizen of the State of Texas.

8. **HUDSON** asserts that Defendant **BRENDA GILBERT** is an individual who is a citizen of the State of Texas.

9. The controversies between **HUDSON** and the respective Defendants arise out of demands for **HUDSON** to pay, and/or to reimburse, legal fees incurred in respect of a suit for damages filed by the **GILBERTS** against **COBALT** in Galveston County, Texas (hereafter, the "Gilbert Lawsuit")[1].

---

[1] No. 23-CV-2012; *Robert Gilbert and Brenda Gilbert v. Steven Ray Ramirez, Cobalt Engineering and Inspections, LLC, et al;* In the 212th Judicial District Court of Galveston County, Texas.

10. The controversies between **HUDSON** and the respective Defendants also arise out of demands for **HUDSON** to pay funds to the **GILBERTS** for the release and dismissal of their claims asserted against **COBALT** in the **GILBERT LAWSUIT** – or, alternatively, to agree to indemnify **COBALT** for any damages awarded to the **GILBERTS** in the **GILBERT LAWSUIT**.

11. The **GILBERT LAWSUIT** expressly alleges that **ROBERT GILBERT** and **BRENDA GILBERT** each seek monetary relief against **COBALT** (and others) of over $200,000.

12. The amount in controversy between **HUDSON** and the Defendants in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

13. As this action satisfies each element of 28 U.S.C. §1332(a)(1), Hudson asserts that this Court possesses and may exercise original jurisdiction over the subject matter of this action.

## VENUE

14. The **GILBERT LAWSUIT** arises out of certain services that **COBALT** allegedly agreed to perform at a residential property owned by the **GILBERTS** and located at 3734 Laguna Drive, Galveston, Galveston County, Texas in 2022 - 2023.

15. **HUDSON** has received a demand to pay funds to the **GILBERTS** in exchange for a release and dismissal of their claims against **COBALT** in the **GILBERT LAWSUIT** pending in Galveston County, Texas.

16. **HUDSON** has received demands from **COBALT** to pay on its behalf, and/or to reimburse, legal fees that **COBALT** has incurred for services rendered to it for the **GILBERT LAWSUIT** in Galveston County, Texas.

17. The controversies between **HUDSON** and the respective Defendants arise out of a policy of liability insurance delivered to **COBALT** at its office in Galveston County, Texas.

18. As Galveston County, Texas is located within the Galveston Division of the Southern District of Texas, a substantial part of the events giving rise to the controversies between **HUDSON** and the Defendants occurred in the Galveston Division of the Southern District of Texas. Venue of this action is proper in the Galveston Division of the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(2).

## BACKGROUND

19. **HUDSON** is a liability insurance company who, in consideration of premiums, underwrites and issues policies of liability insurance to entities located in Texas and in other states.

20. **COBALT** is a limited liability company whose personnel provide engineering services, and inspection services, for residential and commercial construction projects in Texas.

## THE HUDSON POLICY

21. In early 2023, **COBALT's** insurance agency submitted to **HUDSON** an application for a form of Professional Liability Policy for Architects and Engineers, and solicited a quotation for the policy period of 02/01/2023 – 02/01/2024.

22. In response to the application, and in reliance upon the completeness and accuracy of the statements and representations therein, **HUDSON** furnished a quotation to **COBALT's** agency to provide coverage to **COBALT** for certain exposures involving claims that would be made against **COBALT**, and reported to **HUDSON**, during the policy period of 02/01/2023 – 02/01/2024. **COBALT**, through its agency, accepted the quotation.

23. In February 2023, **HUDSON** generated the text of a Professional Liability Policy for Architects and Engineers for the policy period of 02/01/2023 – 02/01/2024, and delivered it to the agency for **COBALT** (hereafter, the "**HUDSON POLICY**").

24. The **HUDSON POLICY's** Insuring Agreement states, inter alia, that **HUDSON** would agree to pay on behalf of **COBALT** certain Claim Expenses and Damages incurred by **COBALT** as the result of a Claim for a Wrongful Act to which the insurance applied.

25. The **HUDSON POLICY** contains numerous Conditions, including the Notice Condition, stating that as a condition precedent to any liability under the **HUDSON POLICY**, **COBALT** would comply with the Conditions in the **HUDSON POLICY**.

26. The **HUDSON POLICY's** Notice Condition states that as a condition precedent to the coverage hereunder, **COBALT** must provide prompt written notice of any Claim to Hudson's claims office in New York during the Policy Period of the **HUDSON POLICY**. The Expiration Date of the **HUDSON POLICY** was February 1, 2024 at 12:01 AM. Such notices of any Claim must be in writing and given by prepaid express courier, certified mail, e-mail, or facsimile properly addressed to **HUDSON**.

27. The **HUDSON POLICY's** Notice Condition stated that the requirement to promptly report each notice, summons, and/or demand continued throughout the life of each Claim against **COBALT**.

28. The **HUDSON POLICY** also contains numerous Exclusions that apply to any Claims for "property damage" asserted against **COBALT.**

**THE INITIAL CLAIM**

29. On or about November 15, 2023, **COBALT** was served with a Claim from counsel for The **GILBERTS**, offering to compromise and resolve the **GILBERTS'** claims for damages to the residence in Jamaica Beach for the sum of $20,000.

30. **COBALT** failed to deliver to **HUDSON** prompt written notice of that Claim - nor any particulars sufficient to identify all reasonably obtainable information and documentation with

respect to the time, place and particulars thereof, and the names and addresses of available witnesses.

31. On February 1, 2024, the Expiration Date of the **HUDSON POLICY** lapsed. Since **COBALT** had failed to deliver the **GILBERT**'s Claim dated November 15, 2023 prior to the Expiration Date, **HUDSON** closed the **HUDSON POLICY** to reporting of additional Claim(s).

## THE GILBERT LAWSUIT

32. On August 15, 2024, a First Amended Petition was filed in the **GILBERT LAWSUIT**, naming **COBALT** as a co-defendant, and seeking damages in respect of a residence located at 3734 Laguna Drive in Jamaica Beach, Galveston County, Texas.

33. On or about November 15, 2024, **COBALT** was served with legal process for the **GILBERT LAWSUIT** consisting of the Citation and the First Amended Petition.

34. The **GILBERT LAWSUIT** alleges that **COBALT** agreed to provide: Architectural Services (including site plan, floor plans, elevations, roof plan, electrical plan, window and door schedules, and building sections and details); Engineering Services (including ResCheck, foundation plans, framing plans, windstorm plans, structural plans, and drainage plans); Windstorm & Other Inspections (including foundation inspection, rough framing inspection, final framing inspection, C&C inspection, and final inspection); Windstorm Certifications (including WPI-1 and filing with TDI, and WPI-2 and filing with TDI); and Surveying (including boundary survey, topographical survey, construction drawings, and elevation certificate).

35. The **GILBERT LAWSUIT** asserts causes of action against **COBALT** for: (1) Negligence; (2) Negligent Misrepresentation; (3) Fraud by Affirmative Misrepresentation; (4) Violations of the Texas Deceptive Trade Practices Act; and (5) Breach of Contract.

36. The **GILBERT LAWSUIT** seeks an award of actual damages against **COBALT** for loss and damage to the **GILBERT**'s real property, costs to repair alleged construction defects, loss of the benefit of their bargain for the residence, market resistance and stigma damages for loss of value to the residence, plus fees for consultants and experts. The **GILBERT LAWSUIT** also seeks an award for attorneys' fees, for costs, and for pre-judgment and post-judgment interest.

37. The **GILBERT LAWSUIT** also alleges that **COBALT** acted with intent to deceive for their Texas Deceptive Trade Practices Act claims, and seeks an award of additional damages under the Act.

38. The **GILBERT LAWSUIT** also alleges that **COBALT** engaged in acts or omissions that involved an extreme degree of risk of potential harm, of which it had actual awareness, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. The **GILBERT LAWSUIT** alleges that **COBALT** committed gross negligence, and seeks an award of exemplary damages against **COBALT**.

39. The **GILBERT LAWSUIT** sought, and currently seeks, an award for monetary relief of at least $200,000 from **COBALT**.

40. In 2024, **COBALT** furnished no notice of the **GILBERT LAWSUIT** to **HUDSON**, whether in compliance with the **HUDSON POLICY**'s Notice Conditions or otherwise.

41. In 2024, **COBALT** forwarded no papers or legal process that had been served upon it from the **GILBERT LAWSUIT** to **HUDSON**, whether in compliance with the **HUDSON POLICY**'s Notice Conditions or otherwise.

42. In 2024, **COBALT** retained counsel to begin defending against the **GILBERT LAWSUIT,** and began to incur, and to pay, legal fees to its counsel for legal services to defend it against the **GILBERT LAWSUIT**.

43. On August 21, 2025, after close of business, **COBALT's** counsel sent an email to **HUDSON** disclosing that **COBALT** was a co-defendant in a lawsuit regarding the Gilbert matter, and that counsel had been defending **COBALT** against such lawsuit.

44. Attached to the August 21, 2025 email was an August 1 demand from the **GILBERTS'** counsel for the sum of $880,195.38 from the **HUDSON POLICY's** limit - in exchange for a release of their claims and for dismissal of **COBALT** from the **GILBERT LAWSUIT**. The Demand stated that it would remain open until 5 p.m. on August 29, 2025.

45. The email dated August 21, 2025 was the first disclosure to **HUDSON** of any suit against **COBALT,** and of **COBALT**'s decision to retain its own counsel for the **GILBERT LAWSUIT** without notifying **HUDSON**.

46. On September 2, 2025, **HUDSON** notified **COBALT** that its initial investigation of the matter revealed, inter alia, a failure by **COBALT** to: a) report the Claim in accordance with the **HUDSON POLICY's** Notice Condition; and b) comply with the **HUDSON POLICY's** Cooperation Condition, in respect of the **GILBERT LAWSUIT.**

47. **HUDSON** notified **COBALT** that, unless **COBALT** could furnish additional evidence of timely compliance with the **HUDSON POLICY's** Notice Condition and Cooperation Conditions, it was **HUDSON's** position that it had no obligation to provide, or to pay costs incurred for, defense of **COBALT** against the **GILBERT LAWSUIT**.

48. In September 2025, **COBALT** furnished no additional evidence of compliance with the **HUDSON POLICY's** Notice Conditions and/or Cooperation Conditions. **COBALT**

sent **HUDSON** a demand for it to accept coverage for fees and expenses incurred for **COBALT's** defense, and for indemnity in respect of the **GILBERT LAWSUIT**, under the **HUDSON POLICY.**

49.     In October 2025, **COBALT** notified **HUDSON** that the **GILBERTS** had asked **COBALT** about assigning its rights to pursue **HUDSON** for the alleged denial of defense and indemnity in respect of the **GILBERT LAWSUIT**.

## CLAIMS FOR DECLARATORY JUDGMENT

### Claims Pertaining To Defense of COBALT

50.     **HUDSON** incorporates the allegations of Para. 1 - 49 by reference.

51.     An actual controversy exists between **HUDSON** and **COBALT** regarding whether the **HUDSON POLICY's** terms, Conditions, and Exclusions obligate **HUDSON** to pay, or to reimburse, fees and expenses that **COBALT** has incurred for its defense against the **GILBERT LAWSUIT**.

52.     **HUDSON** asserts that **COBALT** has failed to comply with the Notice Conditions in the **HUDSON POLICY,** in the following particulars:

- On November 15, 2023, **COBALT** was served with a Claim from counsel for the **GILBERTS** offering to compromise and resolve their claims for damages for the sum of $20,000, but failed to furnish **HUDSON**: a) prompt written notice of that Claim; nor b) any particulars sufficient to identify all reasonably obtainable information and documentation with respect to the time, place and particulars thereof, and the names and addresses of available witnesses;

- On February 1, 2024, the Expiration Date of the **HUDSON POLICY** lapsed. Since **COBALT** had failed to deliver the **GILBERT**'s Claim dated November 15, 2023 prior to the Expiration Date, **HUDSON** closed the Policy to reporting of any additional Claim(s).

- In 2024, **COBALT** was served with a summons or other process from the **GILBERT LAWSUIT**, but failed to forward it (promptly or otherwise) to

      **HUDSON** in accordance with the Notice Conditions of the **HUDSON POLICY**;

- While the Notice Conditions of the **HUDSON POLICY** state that **COBALT'**s obligations to promptly report each notice, summons, and/or demand shall continue throughout the life of each Claim against Cobalt, **COBALT** failed to do so – as to the Claim, or as to the **GILBERT LAWSUIT.**

53. Without waiving the foregoing, **HUDSON** would also show that **COBALT** has also failed to comply with Cooperation Conditions of the **HUDSON POLICY** in respect of the **GILBERT LAWSUIT**, in the following particulars:

- By retaining counsel and conducting investigation, defense, and settlement negotiations for the Claim and for the **GILBERT LAWSUIT**, without providing notice or opportunity for **HUDSON** to do so;

- By failing to allow **HUDSON** to associate with **COBALT** in the investigation, defense, and settlement negotiations for the Claim and for the **GILBERT LAWSUIT**; and / or

- By failing to provide all information, assistance and cooperation to Hudson regarding the Claim and the **GILBERT LAWSUIT**.

**COBALT**'s failures to comply with its obligations under the **HUDSON POLICY**'s Cooperation Conditions have deprived **HUDSON** of its right to control or participate in the defense of the **GILBERT LAWSUIT**, to appoint defense counsel, to retain expert witnesses on liability and damages claims, or to participate in settlement negotiations for the **GILBERT LAWSUIT**.

54. **HUDSON** would show that as a result of **COBALT**'s failures to comply with the foregoing Conditions of the **HUDSON POLICY**, **HUDSON** has no obligation to pay, or to reimburse, any legal fees, expert fees, or expenses that **COBALT** has incurred in the past, or may incur in the future, for the **GILBERT LAWSUIT.**

55. **HUDSON** requests judgment declaring that the **HUDSON POLICY** imposes no duty or obligation upon **HUDSON** to:

- Appoint counsel to provide defense to **COBALT** against the **GILBERT LAWSUIT**;

- Pay on behalf of **COBALT** any legal fees or expenses incurred to defend **COBALT** against the **GILBERT LAWSUIT**; nor

- Reimburse **COBALT** for any legal fees or expenses that **COBALT** has incurred in the past, or may incur in the future, to defend itself against the **GILBERT LAWSUIT**.

56. In the alternative, if it is determined that the **HUDSON POLICY'**s insuring provisions do obligate **HUDSON** to pay any legal fees, expert fees, or expenses for the **GILBERT LAWSUIT** (which is denied), then **HUDSON** seeks judgment declaring that its obligations to pay or reimburse any such fees, expenses, or costs are limited to those incurred for the defense of claims for damages sought in the **GILBERT LAWSUIT** that fall within the scope of the **HUDSON POLICY**'s coverage.

57. In the alternative, if it is determined that the **HUDSON POLICY'**s insuring provisions do obligate **HUDSON** to pay any legal fees, expert fees, or expenses incurred and paid by COBALT for the **GILBERT LAWSUIT**, then **HUDSON** seeks judgment declaring that such obligations are limited to any such fees, expenses, or costs: a) that were incurred after the first date that **COBALT** disclosed the **GILBERT LAWSUIT** to **HUDSON**; and b) whose amounts are reasonable, and that were necessary for the defense of the **GILBERT LAWSUIT**.

### Claims Pertaining To Indemnification

58. **HUDSON** incorporates the allegations of Para. 1 - 57 by reference.

59. **HUDSON** would further show that an actual controversy exists between **HUDSON,** and between **COBALT** and the **GILBERTS,** regarding whether the **HUDSON POLICY's** terms, Conditions, and Exclusions potentially obligate **HUDSON** to indemnify

**COBALT** against any adverse judgment that may be rendered against **COBALT,** and awarded to the **GILBERTS**, in the **GILBERT LAWSUIT**.

60. **HUDSON** asserts that **COBALT** has failed to comply with the Notice Conditions in the **HUDSON POLICY,** in the following particulars:

- On November 15, 2023, **COBALT** was served with a Claim from counsel for the **GILBERTS** offering to compromise and resolve their claims for damages for the sum of $20,000, but failed to furnish **HUDSON**: a) prompt written notice of that Claim; nor b) any particulars sufficient to identify all reasonably obtainable information and documentation with respect to the time, place and particulars thereof, and names / addresses of available witnesses;

- On February 1, 2024, the Expiration Date of the **HUDSON POLICY** lapsed. Since **COBALT** had failed to deliver the **GILBERT**'s Claim dated November 15, 2023 prior to the Expiration Date, **HUDSON** closed the Policy to reporting of any additional Claim(s).

- In 2024, **COBALT** was served with a summons or other process from the **GILBERT LAWSUIT**, but failed to forward it (promptly or otherwise) to **HUDSON** under the **HUDSON POLICY**'s Notice Conditions; and

- While the Notice Conditions of the **HUDSON POLICY** state that **COBALT'**s obligations to promptly report each notice, summons, and/or demand shall continue throughout the life of each Claim against **COBALT**, **COBALT** failed to do so for the Claim and/or the **GILBERT LAWSUIT.**

61. Without waiving the foregoing, **HUDSON** would also show that **COBALT** has also failed to comply with Cooperation Conditions of the **HUDSON POLICY** in respect of the **GILBERT LAWSUIT**, in the following particulars:

- By retaining counsel and conducting investigation, defense, and settlement negotiations for the Claim and for the **GILBERT LAWSUIT**, without providing notice or opportunity for **HUDSON** to do so;

- By failing to allow **HUDSON** to associate with **COBALT** in the investigation, defense, and settlement negotiations for the Claim and for the **GILBERT LAWSUIT**; and / or

- By failing to provide all information, assistance and cooperation to Hudson regarding the Claim and the **GILBERT LAWSUIT**.

**COBALT**'s failures to comply with its obligations under the **HUDSON POLICY'**s Cooperation Conditions have deprived **HUDSON** of its right to control or participate in the defense of the **GILBERT LAWSUIT**, to appoint defense counsel, to retain expert witnesses on liability and damages claims, and to participate in negotiations for settlement of the **GILBERT LAWSUIT**.

62.     **HUDSON** would show that as a result of **COBALT**'s failures to comply with the foregoing Conditions of the **HUDSON POLICY**, **HUDSON** has no obligation to pay any of the sums that the **GILBERTS** have demanded for **HUDSON** to pay to them to resolve their Claim against **COBALT** now made the basis of the **GILBERT LAWSUIT**.

63.     **HUDSON** would show that as a result of **COBALT**'s failures to comply with the foregoing Conditions of the **HUDSON POLICY**, **HUDSON** has no obligation to pay, or to indemnify **COBALT** against, any adverse judgment that may be rendered against **COBALT,** and awarded to the **GILBERTS**, following trial of the **GILBERT LAWSUIT**.

64.     In the alternative, and without waiving the foregoing, were the **GILBERT LAWSUIT** deemed to seek damages against **COBALT** within any insuring provision of the **HUDSON POLICY** and outside of its Exclusions, and were the **GILBERTS** to recover judgment against **COBALT** in the **GILBERT LAWSUIT**, then **HUDSON** seeks judgment declaring that its obligation to indemnify **COBALT** against any such judgment is limited to those damages within the **HUDSON POLICY'**s insuring provisions and outside of its Exclusions.

65.     Should the **GILBERTS** recover judgment against **COBALT** in the **GILBERT LAWSUIT,** then **HUDSON** would request judgment declaring whether such damages awarded trigger Exclusions in the **HUDSON POLICY**, including:

- Damages for liability that **COBALT** assumed under a contract or agreement, and for breach of such contract, triggering the **HUDSON POLICY** Exclusion;

- Damages based upon or arising out of any actual or alleged express warranties or guarantees by **COBALT**, including damages for breach of warranties currently alleged in the **GILBERT LAWSUIT**;

- damages based upon or arising out of arising out of the cost to repair or replace actual or alleged faulty workmanship of **COBALT**, of its subcontractors, or other persons for whom **COBALT** is alleged to be legally liable performed on any construction, erection, fabrication, installation, assembly, manufacture, or remediation, including any materials, parts, or equipment furnished in connection therewith;

- Damages based upon or arising out of or attributable to any dishonest, fraudulent, malicious, or criminal act, error or omission, or any intentional act attributable to **COBALT**, including damages for fraud, or for additional damages as alleged in the **GILBERT LAWSUIT**; and/or

- Any punitive, exemplary or multiple damages as alleged in the **GILBERT LAWSUIT**, or any penalties sought, that fail to constitute Damages as defined in the **HUDSON POLICY**, or are uninsurable by applicable law.

66.     Should judgment ultimately be rendered against **COBALT** in the **GILBERT LAWSUIT**, then **HUDSON** would request judgment from this Court declaring whether the **HUDSON POLICY** imposes any duty or obligation upon **HUDSON** to indemnify **GILBERT** against any such damages awarded in such Judgment in the **GILBERT LAWSUIT**.

## REQUEST FOR JUDGMENT

WHEREFORE, Plaintiff **HUDSON INSURANCE COMPANY** requests that upon final resolution of this matter, the Court enter judgment against the Defendants:

1. Declaring that the **HUDSON POLICY** does not obligate **HUDSON** to provide or to pay costs incurred by **COBALT** for defense of the **GILBERT LAWSUIT**;

2. Declaring that the **HUDSON POLICY** does not obligate **HUDSON** to pay, or to indemnify against, any damages that may be assessed against **COBALT** and awarded to the **GILBERTS** in the **GILBERT LAWSUIT**; or

3. In the alternative, declaring the extent to which the **HUDSON POLICY** may obligate **HUDSON** to pay, or to indemnify against, any damages that may be assessed against **COBALT** and awarded in the **GILBERT LAWSUIT**; and

4. Awarding **HUDSON** all costs of Court that it incurs to prosecute its claims against Defendants in this action**;** and

5. Awarding **HUDSON** such other and further relief to which it may be justly entitled.

                         Respectfully submitted,

                         By**:**   */s/ Paul K. Nesbitt*
                              **PAUL K. NESBITT**
                              pnesbitt@ksklawyers.com
                              State Bar No. 14920500

                        **ATTORNEY-IN-CHARGE FOR PLAINTIFF**
                        **HUDSON INSURANCE COMPANY**

**OF COUNSEL:**
**KEN E. KENDRICK**
State Bar No. 11278500
kkendrick@ksklawyers.com
**SUTTER & KENDRICK, P.C.**
5858 Westheimer Rd. Suite 688
Houston, Texas  77057
713-595-6000 / 713-595-6001 (fax)